STEPHEN HENRY & others *vs.* LUTHER THOMAS & another.

Plymouth. January 24. — March 4, 1876.

The words, "greater part of them in interest," in the Gen. Sts. *c.* 148, § 2, providing that the proprietors of meadow and swamp lands, "or the greater part of them in interest," may apply by petition to the Superior Court for the improvement of the lands, relate to the proprietors having the greatest interest in value, and not to those owning the largest territorial area.

PETITION, under the Gen. Sts. *c.* 148, to the Superior Court, by three proprietors of meadow lands in Marshfield, for the appointment of commissioners to prescribe the measures to be adopted for making certain improvements thereon. The other proprietors, two in number, were made respondents. Hearing before *Putnam,* J., who granted the petition, and allowed a bill of exceptions, so much of which, as is material to the point decided, appears in the opinion.

*P. Simmons & B. W. Harris,* (*P. E. Tucker* with them,) for the respondents.

*C. G. Davis,* for the petitioners.

DEVENS, J. Many objections have been made by the respondents to this proceeding which it is unnecessary to discuss, as we are of opinion that there is one which is necessarily fatal to it.

In order to initiate the proceeding, it is provided that the proprietors, or "the greater part of them in interest," shall apply to the Superior Court setting forth the proposed improvements and the reasons therefor." Gen. Sts. c. 148, § 2. At the trial the court ruled that by the words "greater part in interest" was meant those having the greater part in extent of territorial area and not in value of interest. This ruling was erroneous; the more obvious meaning, that such proprietors shall have the greater interest in value, is fortified by the whole character of the proceeding. By it the proprietors of the meadow or swamp are treated as owners of a common property whose individual rights must be subjected to such modifications as the commissioners may judge most practicable to secure the best advantage of all. *Coomes* v. *Burt*, 22 Pick. 422. *Lowell* v. *Boston*, 111 Mass. 454, 469. In questions concerning the management of property of this character, it is but just that those having the greater interest in value should be those to commence the proceedings and to propose the improvements to be made. Such improvements are not of a public character; they affect only the estates of those who are owners of the property; and the action which is to be taken relates only to that in which all have a common interest, or in reference to which all are affected by a common necessity. *Lowell* v. *Boston, ubi supra.*

This is analogous to the management of wharves and general fields by their proprietors, who are to vote in regard thereto according to the relative amount or value of their interest when known. Gen. Sts. c. 67, §§ 12, 24. Nor can it be fairly contended that, because the words "amount" and "value" are used in the statute last referred to in connection with the word "interest," and not in c. 148, a different construction is to be given to the latter statute. The word "interest" is itself sufficient to include value. *Exceptions sustained.**

---

* By the St. of 1876, c. 228, passed April 28, 1876, § 2, of the Gen. Sts. c, 148, is amended by adding the words "either in value or area," after the word "interest."